

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | 14-CR-377 |
| --- | --- |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| OSAMUYIMEN EVBADE, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by or is outside the range of the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original). Although a written statement of reasons pursuant to 18

1

U.S.C. § 3553(c)(2) is not necessary when the court imposes a Guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 15, 2014, Osamuyimen Evbade pled guilty to a single-count indictment of visa fraud. The count charged that on or about June 19, 2014, within the Eastern District of New York and elsewhere, Evbade knowingly and intentionally uttered, used, attempted to use and possessed a non-immigrant visa knowing that said document was procured by means of a false statement and by fraud and was unlawfully obtained, in violation of 18 U.S.C. § 1546(a).

Evbade was sentenced on August 4, 2014. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 6 and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between zero and six months. The maximum term of imprisonment for the offense to which the defendant pled guilty is 10 years, with a maximum fine of $250,000. *See* 18 U.S.C. § 1546(a); 18 U.S.C. § 3571(b)(3).

Evbade was sentenced to time served and three years of supervised release. A mandatory special assessment of $100 was imposed. No fine was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future to pay a fine.

Defendant will be taken into custody by the United States Immigration and Customs Enforcement agency. The court recommends that Evbade be deported quickly to avoid time in immigration detention.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Evbade committed visa fraud. This is a serious but aberrant offense. Defendant has no prior criminal history.

Evbade is a 37-year old citizen of Nigeria with a high school education. He identifies as gay. His crime was motivated by an attempt to escape harassment in his home country as a result of his sexual orientation. He is afraid to return to his village for fear of violence; his partner returned to the village and was killed because of his perceived sexual orientation. Evbade also has a strained relationship with his parents, who disapprove of the fact that he has not married a woman. He has created distance between himself and his family in order to keep his sexual orientation a secret. A Guidelines sentence of time served plus three years supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: general and specific deterrence. Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences, including his

deportation from the United States. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse. It is unlikely that he will engage in further criminal activity.

Jack B. Weinstein
Senior United States District Judge

Dated: August 4, 2014
      Brooklyn, New York